*E-Filed 5/20/14*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

WILLIE WEAVER,

    Plaintiff,

  v.

MAINTENANCE B-3,

    Defendant.

No. C 14-0346 RS (PR)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

## INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner against his jailors at Pelican Bay State Prison. After reviewing the complaint pursuant to 28 U.S.C. § 1915A(a), the Court DISMISSES the complaint with leave to file an amended complaint on or before July 1, 2014.

## DISCUSSION

**A.  Standard of Review**

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff alleges that his constitutional rights are being violated by his having to use the same shower as fourteen other persons, another shower having been broken for 3 months. These allegations do not contain sufficient factual matter to state a claim for relief. While the Eighth Amendment guarantees an inmate's right to maintaining personal hygiene, *see Toussaint v. McCarthy*, 597 F. Supp. 1388, 1411 (N.D. Cal. 1984), plaintiff has failed to state any specific facts that having to share a shower with many others prevents him from enjoying this right. Plaintiff also has failed to allege any specific facts indicating deliberate indifference, which entails a showing that a prison official knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *See Farmer v. Brennan*, 511 U. S. 825, 837 (1994). Also, plaintiff needs to name specific persons responsible for the alleged acts, and what specific actions these persons took or failed to take. Listing "Maintence B-3" as a defendant is not sufficient.

Accordingly, the complaint is DISMISSED with leave to amend. Plaintiff shall file an amended complaint on or before July 1, 2014. The first amended complaint must include the caption and civil case number used in this order (14-0346 RS (PR)) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint all the

claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff.

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

DATED: May 20, 2014

_____
RICHARD SEEBORG
United States District Judge