*E-Filed 6/13/14*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

WILLIE WEAVER,

    Plaintiff,

    v.

MAINTENANCE B-3, et al.,

    Defendants.

No. C 14-0346 RS (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner against his jailors at Pelican Bay State Prison. The original complaint was dismissed with leave to file an amended complaint. Plaintiff's amended complaint fails to correct the deficiencies of the first, and is DISMISSED without prejudice.

## DISCUSSION

**A.   Standard of Review**

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

1  reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting
2  *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions
3  cast in the form of factual allegations if those conclusions cannot reasonably be drawn from
4  the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).
5  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:   (1)
6  that a right secured by the Constitution or laws of the United States was violated, and   (2)
7  that the alleged violation was committed by a person acting under the color of state law. *See*
8  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff alleges that his constitutional rights are being violated by his having to use the same shower with many other persons, another shower having been broken for 3 months. These allegations do not contain sufficient factual matter to state a claim for relief. While the Eighth Amendment guarantees an inmate's right to maintaining personal hygiene, *see Toussaint v. McCarthy*, 597 F. Supp. 1388, 1411 (N.D. Cal. 1984), plaintiff has failed to state any specific facts that having to share a shower with many others prevents him from enjoying this right. Plaintiff also has failed to allege any specific facts indicating deliberate indifference, which entails a showing that a prison official knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *See Farmer v. Brennan*, 511 U. S. 825, 837 (1994).

Accordingly, this civil rights action is DISMISSED without prejudice. Plaintiff may move to reopen the action. Any such motion must contain an amended complaint addressing and curing the serious deficiencies described in this order. The Clerk shall enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED**.

DATED: June 13, 2014

_____
RICHARD SEEBORG
United States District Judge